UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | | |
|---|---|---|
| In re: | : | Case No.: 17-31361 (AMN) |
|    JOSE SANTIAGO AND | : | |
|    JACQUELINE GOULET-SANTIAGO, | : | Chapter 13 |
|        *Debtors* | : | |
| | : | |
| JOSE SANTIAGO AND | : | |
| JACQUELINE GOULET-SANTIAGO, | : | Adv. Pro. No.: 18-03030 (AMN) |
|    *Plaintiffs* | : | |
| v. | : | |
| U.S. BANK, NA C/O U.S. BANK | : | |
| HOME MORTGAGE, A DIVISION OF | : | |
| U.S. BANK NATIONAL ASSOCIATION; | : | |
| WELLS FARGO BANK, N.A., AS | : | |
| TRUSTEE FOR IRWIN HOME EQUITY | : | |
| LOAN TRUST 2007-1, | : | |
|    *Defendants* | : | |
| | : | Re: AP-ECF No. 1, 78, 79 |

**MEMORANDUM OF DECISION AND ORDER AFTER EVIDENTIARY
HEARING REGARDING ADVERSARY PROCEEDING COMPLAINT AGAINST WELLS
FARGO BANK, N.A., AS TRUSTEE FOR IRWIN HOME EQUITY LOAN TRUST 2007-1**

*APPEARANCES*

| | |
|---|---|
| George C. Tzepos, Esq.<br>Law Offices of George C. Tzepos<br>444 Middlebury Road<br>Middlebury, CT 06762 | *Counsel for the Plaintiffs* |
| Linda St. Pierre, Esq.<br>McCalla Raymer Leibert Pierce, LLC<br>50 Weston Street<br>Hartford, CT 06120 | *Counsel for Defendant<br>U.S. Bank, N.A.* |
| Wells Fargo Bank, N.A.,<br>as Trustee for Irwin Home Equity<br>Loan Trust 2007-1 | *Non-Appearing Defendant* |

## I. INTRODUCTION

Before the court is a motion filed by the debtors, Jose Santiago and Jacqueline Goulet-Santiago (the "Plaintiffs"), seeking the entry of a default judgment against the non-appearing defendant, Wells Fargo Bank, N.A., as Trustee for Irwin Home Equity Loan Trust 2007-1 ("Wells Fargo"). AP-ECF No. 78.[1] The Plaintiffs commenced this adversary proceeding complaint (the "Complaint") to determine the priorities of two mortgages – one held by defendant, U.S. Bank, N.A. c/o U.S. Bank Home Mortgage, a division of U.S. Bank National Association ("U.S. Bank") and one held by Wells Fargo – on property located at 1149 Straits Turnpike, Middlebury, Connecticut (the "Property"). AP-ECF No. 1. The Complaint alleged the U.S. Bank mortgage was intended to have priority over the Wells Fargo mortgage, but an error in recording the mortgages caused the Wells Fargo mortgage to be recorded first, resulting in the Wells Fargo being in first position on the land records. AP-ECF No. 1. The Plaintiffs requested a judgment altering the priorities of these two mortgages. After an evidentiary hearing held on January 27, 2021, and for the reasons set forth more fully below, I find good cause exists to grant the Plaintiffs' motion seeking entry of a default judgment and to enter a judgment finding the Wells Fargo mortgage is second in priority to the mortgage held by U.S. Bank.

## II. JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over this adversary proceeding by virtue of 28 U.S.C. § 1334(b). This court derives its authority to hear and determine this matter on reference from the District Court pursuant to 28

---

[1] References to docket entries of the adversary case number 18-3030 shall be made in the following format: "AP-ECF No. ___". References to docket entries of the Plaintiffs' Chapter 13 case number 17-31361 shall be made in the following format: "ECF No. ____."

2

U.S.C. §§ 157(a), (b)(1), and the District Court's General Order of Reference dated September 21, 1984. This is a "core proceeding" pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (K). This memorandum constitutes the court's findings of fact and conclusions of law pursuant to Rules 52(a) and 55 of the Federal Rules of Civil Procedure, applicable here pursuant to Rules 7052, 7055, and 9014(c) of the Federal Rules of Bankruptcy Procedure.

### III. PROCEDURAL HISTORY

On September 1, 2017 (the "Petition Date"), the Plaintiffs filed a joint, voluntary Chapter 13 bankruptcy petition commencing the current Chapter 13 case, Case No. 17-31361 (the "Current Chapter 13 Case"). ECF No. 1.

Prior to the filing of the Current Chapter 13 Case, the Plaintiffs filed a voluntary Chapter 13 case, Case No. 16-30062, on January 15, 2016 (the "2016 Case").[2] On May 23, 2017, the 2016 Case was dismissed after the Plaintiffs failed to file an amended Chapter 13 plan following the denial of their second amended Chapter 13 plan. *See*, 16-30062, ECF Nos. 44, 47. Before the 2016 Case was dismissed, Wells Fargo filed a proof of claim asserting a claim for $105,282.79 secured by the Property ("POC 9-1"). 16-30062, POC 9-1. POC 9-1 attached an assignment of mortgage indicating Mortgage Electronic Registration Systems, Inc., as nominee for Irwin Union Bank and Trust Company assigned the mortgage on March 16, 2016 to Wells Fargo Bank, N.A., as Trustee for Irwin Home Equity Loan Trust 2007-1. 16-30062, POC 9-1.

In the Current Chapter 13 Case, the Plaintiffs' Third Amended Chapter 13 Plan remains pending for confirmation. ECF No. 60. The court deferred consideration of the Third Amended Chapter 13 Plan until after a resolution of this adversary proceeding. *See*,

---

[2] Prior to the 2016 Case, the Plaintiffs filed two Chapter 7 cases and received Chapter 7 discharges. *See*, Case Nos. 97-33566 and 11-31733.

3

ECF Nos. 58, 144. Currently, a hearing to consider confirmation of the Third Amended Chapter 13 Plan is scheduled for January 28, 2021, the day following the evidentiary hearing on this adversary proceeding.

The Plaintiffs commenced this adversary proceeding by filing a one-count complaint against U.S. Bank and Wells Fargo on November 16, 2018 (the "Complaint"). AP-ECF No. 1. U.S. Bank promptly appeared through counsel and filed an answer admitting all allegations of the Complaint. AP-ECF No. 5. However, Wells Fargo never appeared. On December 3, 2019, a default entered against Wells Fargo for its failure to appear and/or plead. AP-ECF No. 35.

Thereafter, Plaintiffs' counsel made multiple attempts to obtain a default judgment and/or a judgment by stipulation. *See*, AP-ECF Nos. 13, 21, 39, 64. These efforts failed for various reasons including a lack of notice, deficient service, and/or questions about the authority of the individual signing a stipulation on behalf of Wells Fargo.

On December 18, 2020, the Plaintiffs filed the instant motion for an order to show cause why a default judgment should not enter against Wells Fargo. AP-ECF No. 78. The motion for order to show cause included: an affidavit executed by both Plaintiffs, certified copies of the U.S. Bank and Wells Fargo mortgages, and an affidavit executed by Plaintiffs' counsel attesting to the service of the Complaint and the motion for order to show cause on Wells Fargo. AP-ECF No. 78. Plaintiffs' counsel's affidavit indicated that Wells Fargo was served with a copy of the Complaint on November 27, 2018 at the address provided by Wells Fargo in POC 9-1. AP-ECF No. 78-5, p. 2. The same address appears on the assignment of mortgage attached to POC 9-1.

4

Notwithstanding the entry of default against Wells Fargo, the court scheduled the motion for order to show cause for an evidentiary hearing on January 27, 2021 to be conducted remotely using the ZoomGov platform[3] in order to provide Wells Fargo an additional opportunity to contest the relief sought in the Complaint. *See*, AP-ECF No. 79. Notice of the evidentiary hearing was sent by Plaintiffs' counsel via certified and regular U.S. mail to Wells Fargo at the address listed on POC 9-1 and its assignment of mortgage, and also to an address for its designated servicer. *See*, AP-ECF No. 82.

The court set a deadline of January 15, 2021 for the filing of lists of witnesses, lists of exhibits, and exhibits. AP-ECF Nos. 79, 81. The Plaintiffs filed: (1) a list of witnesses listing themselves, and (2) a list of exhibits including three exhibits. AP-ECF No. 84. Despite the opportunity to contest the Complaint, Wells Fargo did not file a list of witnesses or exhibits and failed to appear at the evidentiary hearing on January 27, 2021.

During the January 27, 2021 evidentiary hearing, the Plaintiff, Jacqueline Goulet-Santiago testified and the court admitted Plaintiffs' three exhibits. AP-ECF Nos. 84-1, 84-2, and 84-3.

## IV. **FACTUAL FINDINGS**

The court makes the following factual findings after an evidentiary hearing pursuant to Fed.R.Civ.P. 52(a), applicable here pursuant to Fed.R.Bankr.P. 7052.

1. The Plaintiffs are owners of the Property located at 1149 Straits Turnpike, Middlebury, Connecticut.

---

[3] The evidentiary hearing was conducted remotely due to the exigent circumstances created by the COVID-19 pandemic. *See*, United States Bankruptcy Court for the District of Connecticut General Order Nos. 1-4.

2. On March 9, 2007, the Plaintiffs participated in a closing of two mortgages that took place at the Property. Testimony of Jacqueline Santiago on January 27, 2021.

3. On that day, the Plaintiffs executed a mortgage in favor of U.S. Bank National Association, in the original principal amount of $288,000.00. AP-ECF No. 84-1. The U.S. Bank mortgage was recorded on the land records of the town of Middlebury, Connecticut, on March 26, 2007, at 11:31 a.m., in volume 230 at page 269. AP-ECF No. 84-1

4. Also, on March 9, 2007, the Plaintiffs executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Irwin Union Bank and Trust Company, in the original principal amount of $100,000.00. AP-ECF No. 84-2. The Mortgage Electronic Registration Systems, Inc. as nominee for Irwin Union Bank and Trust Company mortgage was recorded on the land records for the town of Middlebury, Connecticut on March 26, 2007, at 11:30 a.m., in volume 230 at page 263. AP-ECF No. 84-2.

5. The Plaintiffs intended the mortgage in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Irwin Union Bank and Trust Company be recorded after the U.S. Bank mortgage and, at all times during and after the closing, expected the U.S. Bank mortgage to be in first position. Testimony of Jacqueline Santiago on January 27, 2021.

6. U.S. Bank intended that its mortgage be recorded in first position. AP-ECF No. 5.

7. The Plaintiffs were unaware that the mortgages were recorded in the wrong order and were not involved in the recording process. Testimony of Jacqueline Santiago on January 27, 2021.

8. On the bottom of the mortgage in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Irwin Union Bank and Trust Company, there is a notation indicating "Connecticut – Second Mortgage." AP-ECF No. 84-2.

9. The Plaintiffs listed U.S. Bank as the first mortgagee and additional loss payee under their homeowner's insurance. Testimony of Jacqueline Santiago on January 27, 2021. Wells Fargo is not listed on any of the Plaintiffs' homeowner's insurance policies. Testimony of Jacqueline Santiago on January 27, 2021.

10. The Plaintiffs' mortgage with U.S. Bank calls for the Plaintiffs to make payments to escrow for the payment of real estate taxes. AP-ECF No. 84-1. The Plaintiffs have only ever made escrow payments to U.S. Bank. Testimony of Jacqueline Santiago on January 27, 2021.

11. Subsequently, on March 16, 2016, Mortgage Electronic Registration Systems, Inc., as nominee for Irwin Union Bank and Trust Company assigned its mortgage to Wells Fargo Bank, N.A., as Trustee for Irwin Home Equity Loan Trust 2007-1. 16-30062, POC 9-1. The assignment of mortgage was recorded on the land records for the town of Middlebury on March 21, 2016, in volume 288 at page 167.[4]

---

[4] The court takes judicial notice of the assignment of mortgage from the online database for the land records of the town of Middlebury located at https://www.uslandrecords.com/uslr/UslrApp/index.jsp pursuant to Fed.R.Evid. 201. Matters suitable for judicial notice include matters of public record. *La Vigne v. Costco Wholesale Corp.*, 284 F. Supp. 3d 496, 504 (S.D.N.Y. 2018), *aff'd*, 772 Fed. Appx. 4 (2d Cir. 2019)(*Summary Order*)(*citing, Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012)).

12. As of the Petition Date in the Current Chapter 13 Case, Wells Fargo held a mortgage in first position and U.S. Bank held a mortgage in second position on the land records for the town of Middlebury, Connecticut.

## V. APPLICABLE LAW

### a. Standard for Default Judgment

Pursuant to Fed.R.Civ.P. 55(b) made applicable to this adversary proceeding by Fed.R.Bankr.P. 7055, a court may enter a default judgment after the entry of default and may conduct a hearing to determine the amount of damages or the truth of any allegation. Fed.R.Civ.P. 55(b)(2). "[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found Contractors, Inc.*, 699 F.3d 230, 234 (2nd Cir.2012)(*quoting, Greyhound Exhibit Group, Inc. v. E. L. U L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir.1992)). "The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the [l]itigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by [Federal Rule of Civil Procedure] Rule 54(c)." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114 (2d. Cir 2011).

### b. Determining the Priority of a Lien Under Connecticut Law

When a party seeks to determine the validity, priority, or extent of a lien, the initiation of an adversary becomes necessary pursuant to Fed.R.Bankr.P. 7001(2). Fed.R.Bankr.P. 7001(2). "In the absence of any controlling federal law, "property" and "interests in property" are creatures of state law." *In re Capasso*, 618 B.R. 389, 394 (Bankr. D. Conn. 2020)(*citing, Barnhill v. Johnson*, 503 U.S. 393, 398 (1992)).

8

In *Hudson Valley Bank v. Kissel*, 303 Conn. 614, 626 (2012), the Connecticut Supreme Court stated, "[t]he law relating to the priority of interests has its roots in early Connecticut jurisprudence. A fundamental principle is that a mortgage that is recorded first is entitled to priority over subsequently recorded mortgages provided that every grantee has a reasonable time to get his deed recorded." *Hudson Valley Bank v. Kissel*, 303 Conn. 614, 626 (2012).

"There may be instances, however, when facts exist that suggest equity should intervene to address lien priority beyond the rule. Negligence or other tortious conduct may be factors which allow lien priority to be addressed in limited instances." *Westchester Modular Homes, Inc. v. 21 Heusted Drive*, X08FSTCV166027321S, 2020 WL 6784491, at *5 (Conn. Super. Jan. 9, 2020)(*citing, Connecticut Foreclosures, 5th Edition*, Section 9-2:3).

## VI.  DISCUSSION

The Plaintiffs allege Wells Fargo's mortgage should have priority over U.S. Bank's mortgage, notwithstanding that U.S. Bank's mortgage was recorded first. I find Jacqueline Goulet-Santiago's uncontested testimony credible that it was the intention of the Plaintiffs, as borrowers, and the expectation of the lenders that U.S. Bank's mortgage would have first priority and Wells Fargo's mortgage would have second priority. The form of mortgage used by Wells Fargo bolsters and supports the testimony regarding the intended priorities of the mortgages. Further, I credit the testimony that U.S. Bank is listed

9

as the additional loss payee on the Plaintiffs' homeowner's insurance and that the Plaintiffs have only made escrow payments for real estate taxes to U.S. Bank.

The evidence suggests that negligence by the unidentified individual recording the mortgages on the land records for the town of Middlebury, Connecticut may be to blame for the resulting error in the priorities of the U.S. Bank and Wells Fargo mortgages. Because Wells Fargo failed to appear and contest these allegations, and because a default entered, I find Wells Fargo admits that: 1) it was the intent of the parties that the Wells Fargo mortgage be recorded in second position, and 2) there is a lack of prejudice if the priorities are altered to reflect this intent.

## VII. CONCLUSION

After consideration of the evidence presented, the circumstances of this case and the Plaintiffs' prior bankruptcy cases, and after balancing the equities between the parties, I conclude there is good cause for granting the Plaintiffs' request for a default judgment and altering the relative priorities of the Wells Fargo and U.S. Bank mortgages. The U.S. Bank mortgage shall have priority over the Wells Fargo mortgage.

This is a final order subject to traditional rights of appeal, with a fourteen (14) day appeal period. *See*, Fed.R.Bankr.P. 8001, *et seq.*, Fed.R.Bankr.P. 8002(a)(1); *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S.Ct. 582 (Jan. 14, 2020).

NOW THEREFORE, it is hereby

**ORDERED**: That, judgment shall enter in favor of the Plaintiffs against the defendant, Wells Fargo Bank, N.A., as Trustee for Irwin Home Equity Loan Trust 2007-1; and it is further

**ORDERED**: That, the mortgage in favor of U.S. Bank, National Association, in the original principal amount of $288,000.00, recorded on the land records of the Town of Middlebury, Connecticut, on March 26, 2007, in volume 230 at page 269, shall have priority over the mortgage originally in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Irwin Union Bank and Trust Company, in the original principal amount of $100,000.00, and recorded on the land records for the town of Middlebury, Connecticut, on March 26, 2007, in volume 230 at page 263, as assigned to Wells Fargo Bank, N.A., as Trustee for Irwin Home Equity Loan Trust 2007-1 by assignment of mortgage dated March 16, 2016 and recorded in volume 288 at page 167; and it is further

**ORDERED**: That, a separate Judgment Order shall enter consistent with this Memorandum of Decision, in a form recordable on the land records for the Town of Middlebury, Connecticut.

Dated this 28th day of January, 2021, at New Haven, Connecticut.

*Ann M. Nevins*
United States Bankruptcy Judge
District of Connecticut